UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISENIA CANO,<br>  *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the<br>Social Security Administration,<br>  *Defendant.* | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:10-CV-02796<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

This social security case is before the court on the parties' competing motions for summary judgment.[1] Plaintiff Isenia Cano's motion is granted, defendant Michael J. Astrue's motion is denied, and the case is remanded to the Commissioner for further consideration.

### Background

On November 13, 2008, Isenia Cano applied for disability insurance benefits, alleging a disability beginning April 1, 1998[2] due to unpredictable seizures occurring 3–5 times per week, which cause her to lose her concentration, and become disoriented, confused, and forgetful.[3] Cano also alleged she suffered from depression since 2009.[4] Cano's application was denied initially[5] and on reconsideration,[6] and she requested an administrative hearing.[7] On November

---

[1] Dkts. 13–15.

[2] Dkt. 7-6, at 2 (Tr. 109).

[3] Dkt. 7-7, at 14, 49, 65 (Tr. 128, 163, 179).

[4] Dkt. 7-7, at 65 (Tr. 179).

[5] Dkts. 7-4, at 2; 7-5, at 3–6 (Tr. 64, 67–70).

[6] Dkts. 7-4, at 3; 7-5, at 18–20 (Tr. 65, 82–84).

[7] Dkt. 7-5, at 10–17 (Tr. 74–81).

18, 2009, a hearing before an administrative law judge (ALJ) was held, where Cano and Charles R. Poor (a vocational expert) testified.[8]

On December 16, 2009, the ALJ found Cano not disabled through the date of the decision.[9] At step one, the ALJ found that Cano engaged in substantial gainful activity by working as a cardiologist medical assistant until September 2008, and thus was not disabled during such employment.[10] At step two, the ALJ found that Cano had the following severe impairments: seizure disorder, depression, and panic attacks.[11] At step three, the ALJ found that Cano's impairments (or combination of impairments) did not meet or medically equal a listing impairment, discussing listings 12.04 and 12.06.[12] Next, the ALJ found that Cano has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c).[13] Finally, the ALJ found that Cano was capable of performing past relevant work as a clerk, as well as other jobs existing in significant numbers in the national economy.[14] The Appeals Council denied Cano's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.[15]

---

[8] Dkt. 7-3, at 28–64 (Tr. 27–63).

[9] Dkt. 7-3, at 23 (Tr. 22).

[10] Dkt. 7-3, at 14 (Tr. 13). A work activity report and a disability report indicate Cano's employment ended September 12, 2008. Dkt. 7-7, at 3, 14 (Tr. 117, 128).

[11] *Id.*

[12] *Id.* at 14–15 (Tr. 13–14).

[13] *Id.* at 15–21 (Tr. 14–20).

[14] *Id.* at 21–23 (Tr. 20–22).

[15] Dkt. 7-3, at 2–5 (Tr. 1–4).

2

On August 3, 2010, Cano brought this suit seeking review of the Commissioner's decision.[16] The parties subsequently filed their motions for summary judgment.[17]

### Standard of Review

Section 405(g) of the Social Security Act sets forth the standard of review in this case. Federal courts review the decision of the Commissioner to deny Social Security benefits to determine whether (1) the Commissioner applied the proper legal standard and (2) the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than a preponderance." *Masterson*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council. *Newton*, 209 F.3d at 455; *see generally Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962) ("The courts may not accept appellate counsel's post hoc rationalizations for agency action").

In order to qualify for benefits, a plaintiff must prove she has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d

---

[16] Dkt. 1. *See* 42 U.S.C. § 405(g).

[17] Dkts. 13–15.

at 271. The administrative law judge must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

> 1. Is the claimant currently engaged in substantial gainful activity, i.e., working? If the answer is yes, the inquiry ends and the claimant is not disabled.
>
> 2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.
>
> 3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.
>
> 4. Can the claimant still perform his past relevant work? If so, the claimant is not disabled. If not, then the agency must assess the claimant's residual functional capacity.
>
> 5. Considering the claimant's residual functional capacity, age, education, and work experience, is there other work the claimant can do? If so, the claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir.1991).

## Analysis

**1.     ALJ's Failure to Consider Listing 11.03**

The ALJ generally found that Cano did not have an impairment (or combination of impairments) that meets or medically equals a listed impairment. However, the ALJ only explained why Cano's impairments did not meet or medically equal Listings 12.04 and 12.06. Cano argues that the ALJ erred in finding the severity of her impairments did not meet Listing 11.03, a listing relating to epilepsy.[18] The Commissioner admits the ALJ's silence, but draws

---

[18]Cano made the same argument in her appeals council brief. *See* Dkt. 7-7, at 73 (Tr. 187). Listing 11.03 provides:

> Epilepsy nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by

from the ALJ's reasoning in his assessment of Cano's residual functional capacity (RFC) to argue that ALJ implicitly found Cano noncompliant with her antiepileptic treatment. To the Commissioner's credit, the listing only applies "if the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment. . . . Determination of blood levels of phenytoin sodium or other antiepileptic drugs may serve to indicate whether the prescribed medication is being taken." 20 C.F.R. pt. 404, subpt. P, appx. 1., pt. A § 11.00.A.

Despite the Commissioner's attempts to justify the ALJ's implicit finding, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985); *see generally Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962) ("The courts may not accept appellate counsel's post hoc rationalizations for agency action"). The ALJ is ultimately responsible for identifying relevant listed impairments. *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112, 120 n.2 (3d Cir. 2000). Here, the ALJ failed to discuss why Cano's impairments did not meet a listing regarding epilepsy, a relevant listing considering the ALJ's finding that one of Cano's severe impairments was "seizure disorder." The ALJ's analysis of Cano's RFC in step four indicates he may have thought Cano was noncompliant with her anticonvulsant medication,[19] but this analysis is different from a step three severity analysis. The ALJ concedes as much in his

---

> detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. pt. 404, subpt. P, appx. 1., pt. A § 11.03.

[19]Contrary to the Commissioner's argument, many of the laboratory reports show that Cano's medication levels were at therapeutic levels, and thus do not support a finding that Cano was noncompliant. *See* Dkts. 7-9, at 83, 95; 7-11, at 11 (Tr. 331, 343, 468).

decision.[20] The ALJ should reconsider Cano's application for social security benefits to determine whether her impairments meet Listing 11.03.

2.  **Weight of the Treating Physician's Opinion**

Cano argues that the ALJ erred in giving Dr. Schulman's (Cano's treating physician) assessment less than controlling weight, and failing to complete a 20 C.F.R. § 404.1527(d)(2) analysis before rejecting Dr. Schulman's opinion. "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 453 (5th Cir. 2000); *see also Thibodeaux v. Astrue*, 324 F. App'x 440, 444 (5th Cir. 2009). Here, Dr. Shulman reported Cano having 2–3 seizures per week.[21] This report was supported by Cano's seizure log—a calendar Cano made recording the frequency of her seizures from January through November 2009.[22] The ALJ discounted Dr. Shulman's opinions, citing past records of Dr. Shulman, and results of MRI and EEG scans.[23] However, these records were taken in 2002 through 2007—when Cano was gainfully employed as a cardiologist medical assistant. The ALJ seems to ignore the possibility that between this time and September 2008 her seizures became more frequent and debilitating, forcing her to stop working. The ALJ cites no evidence from the disability period in question (September 2008 through the date of the ALJ's

---

[20]*See* Dkt. 7-3, at 15 (Tr. 14).

[21]Dkt. 7-10, at 95 (Tr. 445).

[22]Dkt. 7-11, at 23 (Tr. 480).

[23]Dkt. 7-3, at 20 (Tr. 19).

decision) that contradicts Dr. Shulman's assessment of the frequency of Cano's seizures. Thus, the ALJ should have performed a detailed analysis under 20 C.F.R. § 404.1527(d)(2).

## Conclusion

For the foregoing reasons, Cano's summary judgment motion is granted, the Commissioner's motion is denied, and the case is remanded back to the Commissioner for further consideration consistent with this Memorandum and Order.

Signed at Houston, Texas on August 22, 2011.

Stephen Wm. Smith
United States Magistrate Judge