United States District Court
Southern District of Texas

**ENTERED**

January 05, 2016

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ISENIA CANO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-02796 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of the Social | § | |
| Security Administration, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Cano's motion for attorney's fees (Dkt. 19). Cano's counsel requests $17,545.37 in fees for obtaining a favorable judgment in this Social Security matter. Pursuant to the Court's order, Cano provided additional documents to assist the Court in its review of the proposed award. Dkt. 23. After reviewing the briefing, the Court grants the motion.

## BACKGROUND

After a lengthy administrative appeals process and an appeal to this Court, Cano won a fully favorable decision that she was owed $94,181.50 in past-due benefits. Dkt. 19, ¶1; Dkt. 20 at 1. Cano's counsel requests court approval of an award of $17,545.37 in attorney's fees, which he claims under a contingency-fee contract. *See* Dkt. 23-3. This sum represents 25 percent of $94,181.50, minus a $6,000 administrative award already received.

## ANALYSIS

Under 42 U.S.C. § 406(b), a court may authorize a reasonable fee not to exceed 25 percent of the total past-due benefits awarded. In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The award must be within the 25 percent statutory cap, but counsel must also show that the fee sought is reasonable for the services rendered. *Id.* The court reviews the reasonableness of the

fee to be awarded, adjusting downward if necessary to prevent counsel from receiving a windfall profit. *Id.* at 808. If counsel is responsible for a delay that causes additional accumulation of benefits, or if the benefits awarded are disproportionate to the amount of time spent by counsel, the award should be reduced accordingly. *Id.*

Commissioner Colvin argues that *Gisbrecht* rejected the lodestar method of determining reasonableness, but confirmed a bifurcated approach that treats administrative and judicial proceedings as discrete stages; *ergo* the Court should only consider counsel's court-related efforts in assessing the reasonableness of the award under § 406(b). Multiple judges in this district have rejected the Commissioner's reading of *Gisbrecht*, and this Court similarly will not limit its review to only court-related services. *See Brantley v. Barnhart*, No. 4:00-CV-01380 (S.D. Tex. June 27, 2003); *Worley v. Barnhart*, No. 4:01-CV-03236 (S.D. Tex. Mar. 11, 2003).

The fee requested is within the statutory boundary set by Congress. The Commissioner does not claim that Cano's counsel was responsible for any delay leading to the unnecessary accumulation of benefits, and there is no indication that the total award is disproportionately large in comparison to counsel's services during Cano's six-year struggle to obtain her benefits. The records submitted by counsel reflect over 71 hours spent litigating this case in federal court alone. Dkt. 23-2. Taking all of these factors into consideration, the Court finds the proposed award of $17,545.37 reasonable under the circumstances.

<u>CONCLUSION</u>

For these reasons, the Court grants Cano's motion for attorney's fees.

Signed at Houston, Texas, on January 5, 2016.

Stephen Wm Smith
United States Magistrate Judge

2